IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY DELLINGER                                                              PLAINTIFF

vs.                                         Civil No. 4:10-cv-04060

MICHAEL J. ASTRUE                                                               DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

      Kimberly Dellinger ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed her disability applications on March 2, 2007 (with a protective filing date of February 22, 2007).  (Tr. 19, 98-103).  In her applications, Plaintiff alleged she was disabled due to limitations she incurred as a result of her hip surgeries.  (Tr. 116).  Specifically, Plaintiff claims the

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

following:

> I am in constant pain, severe headaches, I cannot bend over sometimes. I cannot wear shoes, it is painful, it makes and [sic] feet and ankles hurt. I do not sleep at night and I cannot get up to go to work. I am tired all the time.

(Tr. 117). Plaintiff alleged an onset date of November 1, 2005. (Tr. 98, 101,117). These applications were denied initially and again upon reconsideration. (Tr. 53-56).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 71-96). An administrative hearing was held on June 10, 2009 in Little Rock, Arkansas. (Tr. 20-52). Plaintiff was present and was represented by counsel, Mark Elliott, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED and attended two years of college. (Tr. 46).

On July 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 12-19). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act on November 1, 2005 and thereafter through June 30, 2013. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of November 1, 2005. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral total hip arthroplasty and osteoarthritis. (Tr. 18, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments in the Listings. (Tr. 18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 18, Findings 4-5, 7). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> The claimant has the residuals [sic] functional capacity to do sedentary work activity that involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

(Tr. 18, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff's PRW included work as a Certified Nurse's Aide ("CNA") and as a cashier. *Id.* The ALJ determined Plaintiff was unable to perform this PRW. *Id.* The ALJ then evaluated whether there was other work existing in the national economy Plaintiff could perform, considering her age, education, RFC, and work experience. (Tr. 18, Finding 11). In making this assessment, the ALJ applied the Medical-Vocational Guidelines or "The Grids." *Id.* The ALJ found that Rule 201.21 of the Grids directed a conclusion of "Not Disabled," considering Plaintiff's RFC, age, education, and work experience. *Id.* Based upon that determination, the ALJ found Plaintiff had not been under a disability, as defined by the Act, at any time through the date of the ALJ's decision. (Tr. 19, Finding 12).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On April 23, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-5). On May 5, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 12, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for

decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff argues the following on appeal: (A) the ALJ erred when he found her subjective complaints were not entirely credible and (B) the ALJ erred when he found she retained the RFC to perform sedentary work. ECF No. 7 at 2-7. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address both Plaintiff's arguments for reversal.

    **A.**    **Credibility Determination**

In her briefing, Plaintiff claims the ALJ erred in evaluating her credibility. ECF No. 7 at 2-5. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors

5

from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly evaluated Plaintiff's subjective complaints and fully complied with *Polaski*. Indeed, the ALJ made the following findings when he discounted her subjective allegations of disabling limitations: (1) Plaintiff had extensive daily activities, including the ability to work as a cashier at a gas station on a part-time basis, have a driver's license, and drive; (2) Plaintiff was not taking any prescription pain medication despite her allegation she had chronic pain in her hips; and (3) Plaintiff had a work history which was "composed of low earnings that varies significantly from year to year" which indicated a "lack of motivation to return to work activity." (Tr. 13-16). Because the ALJ's credibility determination is supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

### B. RFC Determination

Plaintiff claims the ALJ's RFC determination–finding she retained the ability to perform the full range of sedentary work–is not supported by substantial evidence in the record. ECF No. 7 at 5-6. Specifically, Plaintiff claims this RFC determination is not supported by her testimony or "the medical evidence provided the ALJ within the transcript." *Id.* As noted above, however, this Court has already examined the ALJ's evaluation of Plaintiff's subjective complaints and finds it is supported by substantial evidence in the record. Thus, this Court will only evaluate the medical evidence in the record to determine whether it supports the ALJ's RFC determination. It is also important to note as an initial matter that, although Plaintiff claims her medical records demonstrate

she is disabled, Plaintiff has not referenced any specific medical records that support her claim.

Based upon an independent review of the medical records in the transcript, this Court finds Plaintiff had left and right hip replacement surgeries which were medically successful, and there is no evidence that Plaintiff is unable to perform sedentary work. Specifically, in February of 2005, Plaintiff underwent a complete left hip replacement. (Tr. 205-206). One month later, in March of 2005, Plaintiff started experiencing unrelenting left hip pain. (Tr. 204-206). Diagnostic imaging revealed that a component of the device in her left hip broke loose and rotated out of position. (Tr. 205). As a result, in May of 2005, Plaintiff underwent a left hip revision surgery. (Tr. 167-170). Following the surgery, Plaintiff's doctor reported Plaintiff had some hip soreness, but she was doing well otherwise. (Tr. 168-169). The third day after this surgery, Plaintiff was released, instructed to use her walker at home, and refrain from weight-bearing activities. (Tr. 169).

In August of 2005, only three months later, Plaintiff was reportedly "doing well," was "very happy" with the results of the revision surgery, and was "back at work now full-time and going through normal daily activities." (Tr. 262). In October of 2005, Plaintiff then started experiencing hip pain on her right side. (Tr. 260). Upon examination, the doctor observed that the right femoral head was compromised, and he recommended Plaintiff undergo total right hip replacement. (Tr. 261).

On November 1, 2005, Plaintiff underwent a total right hip replacement. (Tr. 210). The procedure was minimally invasive, and she was discharged on November 2, 2005. *Id.* On November 14, 2005, Plaintiff returned for a two-week follow-up appointment and was reportedly "doing well." (Tr. 258). Her physician found "it would be fine if she increases her activities as tolerated" and "it is okay for her to return to work tomorrow." *Id.* On February 15, 2006, Plaintiff's physician found she was "doing remarkably well," was "happy with how her hips are feeling," "has been back to work now since mid November," and "is happy with how things are going." (Tr. 257). Plaintiff sought no

follow-up treatment for her hip pain after this date.[3]

Based upon these records, Plaintiff has at best demonstrated that she was disabled from February of 2005 (date of her first hip surgery) until November of 2005 (when she returned to work after her last hip surgery). Indeed, Plaintiff returned to work in November of 2005. There is nothing in her medical records establishing a disability beyond that date and nothing indicating Plaintiff would be unable to perform the full range of sedentary work. Thus, this Court finds the ALJ did not err when he found Plaintiff retained the RFC to perform a full range of sedentary work.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Indeed, the only other treatment record included in the transcript after this date is an emergency room record date from July of 2009 wherein Plaintiff complained of pain in her lower left leg. (Tr. 309).